# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

JEFFREY L. MOYER
DIRECTOR

DIRECT DIAL NUMBER
302-651-7525
MOYER@RLF.COM

March 20, 2007

**VIA E-FILING AND HAND DELIVERY**

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Time Warner Cable Inc. v. GPNE Corp.*, C.A. No 07-67-***

Dear Magistrate Judge Thynge:

As a result of the teleconference on March 16, 2007, I have revised the proposed Scheduling Order and received the approval of GPNE Corp.'s counsel for submission of the Order to the Court. The parties have separately filed a stipulation consenting to Your Honor's jurisdiction for any and all proceedings in this case. In anticipation of the entry of the stipulation as an Order of the Court, I have included Your Honor's initials on the caption of the Scheduling Order. Thus, enclosed is a final form of Scheduling Order for Your Honor's consideration.

As always, if your Honor has any questions or requires any additional information, counsel remains available at the Court's convenience.

Respectfully submitted,

Jeffrey L. Moyer (#3309)

Enclosure

cc:  Richard K. Herrmann, Esquire (via hand delivery)
     Corby R. Vowell, Esquire (via electronic mail)
     Califf Cooper, Esquire (via electronic mail)
     Joel Katcoff, Esquire (via electronic mail)
     David S. Benyacar, Esquire (via electronic mail)
     Daniel L. Reisner, Esquire (via electronic mail)

RLF1-3124853-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIME WARNER CABLE, INC.,  )<br>  )<br>  )<br>  )<br>Plaintiff,  )<br>  )<br>  )<br>vs.  )<br>  )<br>GPNE CORP.,  )<br>  )<br>Defendants.  ) | Civil Action No. 07-67-MPT<br><br>Jury Trial Demanded |

### PROPOSED RULE 16 SCHEDULING ORDER

This ___ day of _____, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on March 16, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within twenty-one days of the date of this Order. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents and, pursuant to that Standard, the parties will continue to meet and confer to cooperatively reach an agreement on how to conduct electronic discovery in accordance with Federal Rule of Civil Procedure 34.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before October 1, 2007.

3. <u>Discovery</u>.

      a.      <u>Number of Depositions</u>.  Maximum of 10 depositions by each side, excluding expert depositions.  Depositions of an entity pursuant to Fed. R. Civ. P. 30(b)(6) are to be counted as a single deposition per entity deposed.  Each fact deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

      b.      <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      c.      <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before February 27, 2008.  All discovery requests for fact discovery, including interrogatories, contention interrogatories, requests for production of documents and things, requests for admission and notices of deposition directed towards fact discovery shall be served by October 1, 2007.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      d.      <u>Disclosure of Expert Testimony</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before November 14, 2007.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before December 19, 2007.  Rebuttal reports to the supplemental disclosures, if necessary, are due on or

before January 11, 2008. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e.  Discovery Disputes.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.  Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.   <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.   <u>ADR Process</u>. On October 10, 2007, the Court will hold a mediation conference in this matter beginning at 9:30 a.m. Each party shall submit a mediation statement no later than October 1, 2007.

7.   <u>Interim Status Report</u>. On October 24, 2007 counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.   <u>Status Conference</u>. On October 31, 2007, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 5:30 p.m. Plaintiff's counsel shall initiate the telephone call. At the time of the conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. Beginning at 2:00 p.m. on August 4, 2008 there will be a conference to present to the Court the tutorial on the technology at issue. The parties shall provide the Court by July 21, 2008, a tutorial on the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed no later than July 31, 2008. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before May 21, 2008. Briefing will be presented pursuant to the Court's Local Rules.

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on March 17, 2008, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on April 23, 2008. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with

citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.     Claim Construction. Issues of claim construction shall be submitted to the Court no later than May 21, 2008. The parties' answering/responsive briefs shall be served and filed no later than 10 days after service and filing of the issues of claim construction. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

13.     Hearing on Claim Construction and Summary Judgment. Beginning at 9:30 a.m. on August 5, 2008, the Court will hear evidence and argument on claim construction and summary judgment.

14.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.     Pretrial Conference. On November 12, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 9:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before October 29, 2008.

16.     Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdicts and interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains a copy of these instructions and proposed voir dire and special verdicts and interrogatories.

18.     Trial. This matter is scheduled for a 9 day jury trial beginning at 9:30 a.m. on December 2, 2008 and continuing through December 12, 2008. Each day after the first shall begin at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ___ hours to present their case.


_____
UNITED STATES DISTRICT JUDGE