IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIME WARNER CABLE INC.,<br><br>    Plaintiff,<br>v.<br><br>GPNE CORP.,<br><br>    Defendant. | Case No. 07-67-MPT |

## [PLAINTIFF'S PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff Time Warner Cable Inc. ("TWC") and Defendant GPNE Corp. ("GPNE"), through counsel, stipulate to entry of this Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

WHEREAS, the parties recognize that confidential information is being produced for use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the treatment of confidential information produced by a party ("Producing Party") to any other party ("Receiving Party") in the course of this civil action:

    1.    The term "Confidential Information" as used in this Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties. Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The

Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

       2.      Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action pertaining to United States Patent No. 6,282,406. Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

       3.      Produced documents, interrogatory responses, responses to requests for admission and other documents containing Confidential Information shall be marked by conspicuously affixing a legend, which includes the word "CONFIDENTIAL," on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes). The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

       (a)      Testimony or information disclosed at a deposition that contains Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order. Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information by notifying all parties in writing, within fifteen

(15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information. Whether or not designation is made at the time of a deposition, access to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-house counsel only, from the taking of the deposition until fifteen (15) days after actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

    (b)    Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information by indicating on the face of such documents that one or more parties considers them to contain such information.

    4.    A party or nonparty may designate as Confidential Information any materials that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c). Subject to the provisions of paragraph 5 herein, material designated as Confidential Information, and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

    (a)    the Court, members of the jury (should a jury be used for any part of this litigation), persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)    technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)    graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)    photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems or litigation databases or to convert data for inclusion in such databases;

(e)    two (2) in-house counsel employed by TWC and two (2) in-house counsel employed by GPNE (each of whom shall be identified to the opposing party in writing prior to disclosure of Confidential Information to them); and two (2) paralegals and/or clerical employees assisting each of these individuals; and

(f)    the parties' outside counsel of record in this action and any other counsel for the parties that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action. Any individual counsel, regardless of whether he or she is in-house counsel or outside counsel, who receives Confidential Information may not participate or be involved in any way in patent prosecution for the Receiving Party, and such counsel may not discuss the information with anyone involved in patent prosecution for the Receiving Party.

5.  (a)  A party may exclude from a deposition any person who is not entitled to view Confidential Information when such information is the subject of examination.

(b)  No Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(c) and (e) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information.

(c)  Before individuals under subparagraph 4(b) may have access to Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked dining the last five (5) years. If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking, Confidential Information may then be disclosed to the retained consultant or expert. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue. If the issue cannot be resolved, the Producing Party shall have fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or expert from viewing the Producing Party's

Confidential Information. If the Producing Party does not bring such a timely motion, Confidential Information may be disclosed to the retained consultant or expert.

(d) The disclosure of the identity of a consulting expert pursuant to subparagraph 5(c) will not be a waiver of any privilege or right to withhold from production that applies to communications or work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

6. Designation of Confidential Information shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation. Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information to ensure that the confidential or restricted nature of the same is maintained.

7. It is the intention of this Protective Order that the following categories of information are not, and therefore should not be designated as, Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that

after its disclosure in this action has become part of the public domain by reason of publication or otherwise through no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 8 hereof.

       8.      If a party disagrees with any Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to resolve of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

9.  During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential, and regardless whether such person was the author or a recipient of the document.

10. At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

11. Any person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by the person who received such information.

12. Written material constituting or revealing Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed

8

envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO COURT ORDER

Civil Action No. 07-67-MPT

13.     The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 12.

14.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

15.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be

returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

16.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

17.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

18.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

19.     <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated Confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

20.     In the event that any of the parties is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by a person not a party to this litigation, and is requested to

produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party. Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order.

21. (a) Within sixty (60) days after filing of the final judgment in this action, or, if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate. If any Receiving Party destroys any such Confidential Information, that party shall inform the Producing Party in writing.

(b) Notwithstanding the foregoing, one designated outside Delaware counsel and one designated outside out-of-state counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information. Outside counsel of

11

record for each party shall be entitled to retain copies of any expert report containing any Confidential Information of the Producing Party, which is not in the public docket file. All such material shall remain subject to the terms of this Order.

22. This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

23. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

24. At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

SO ORDERED this _____ day of _____, 2007.

_____
HONORABLE MARY PAT THYNGE

RLF1-3134503-1
RLF1-3139279-1

<u>EXHIBIT A</u>
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIME WARNER CABLE INC., <br><br> Plaintiff, <br> v. <br><br> GPNE CORP., <br><br> Defendant. | Case No. 07-67-MPT |

I, _____, hereby declare that:

1. I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the District of Delaware, in the above-captioned matter.

2. I agree that I will be bound by and will comply with all of the provisions of the Order and I will make no disclosures of Confidential Information to any person who is not permitted to have access to such Confidential Information by the Order.

3. Upon final determination of this action, I will destroy or return all Confidential Information pursuant to paragraph 21 of the Order.

4. I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____   _____
                                        [signature]


                                        _____
                                        [print or type name]

                                        Title:

                                        Business Affiliation:

                                        Address:

                                        Phone:

RLF1-3134503-1
RLF1-3139279-1

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2007, the foregoing documents were served in the manner indicated on counsel as follows:

**VIA HAND DELIVERY**
Richard K. Herrmann, Esquire
Mary B. Matterer, Esquire
Morris James, LLP
500 Delaware Avenue, suite 1500
Wilmington, DE  19801-1494


**VIA FEDERAL EXPRESS**
Edward W. Goldstein, Esquire
Corby R. Vowell, Esquire
Califf T. Cooper, Esquire
Goldstein, Faucett & Prebeg, LLP
1177 West Loop South, Suite 400
Houston, Texas  77027

_____
Jameson Tweedie (#4927)
tweedie@rlf.com