**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

TIME WARNER CABLE, INC.,                    :
                                            :
                    Plaintiff,              :
                                            :
        v.                                  :       Civil Action No. 07-67-MPT
                                            :
GPNE CORP.,                                 :
                                            :
                    Defendant.              :
                                            :

**MEMORANDUM OPINION**

**I.      Introduction**

United States Patent No. 6,282,406 ("the '406 patent"), entitled "Paging Method

and Apparatus," is owned by GPNE Corp. ("GPNE"). On February 2, 2007, Time

Warner Cable, Inc. ("TWC") filed suit in Delaware seeking a declaration that the '406

patent is invalid, that TWC has not infringed upon the '406 patent, and to issue an

injunction against GPNE from charging infringement or instituting any legal action for

infringement of the '406 patent.[1] Presently under consideration is GPNE's motion to

dismiss, stay, or transfer this case to the Eastern District of Texas.[2]

**II.     Procedural History**

On January 31, 2007, GPNE filed a patent infringement case ("the Texas

litigation") in the Eastern District of Texas against Time Warner, Inc. ("TWI"), Comcast

Cable Communications LLC ("Comcast"), and Charter Communications, Inc. ("Charter")

---

[1] D.I. 1 at 1.
[2] D.I. 7.

alleging infringement of the '406 patent.[3]  The Texas litigation did not originally include

TWC as a defendant, but instead listed TWI.[4]  Two days later, on February 2, 2007,

TWC filed the present action in this court for a declaratory judgment of noninfringement

and invalidity of the '406 patent.[5]  In the Delaware complaint, TWC alleges that GPNE

intends to include it as a defendant in the Texas litigation and in so doing would impact

its business activities.[6]  TWC maintains that it was not originally a defendant in the

Texas litigation because TWI and TWC are separate entities.[7]

On February 26, 2007, GPNE amended its complaint in the Texas litigation to

add TWC as a defendant.[8]  That same day, GPNE filed a motion to dismiss, stay, or

transfer the Delaware case to the Eastern District of Texas, because the Texas case

was the first action that involved the '406 patent.[9]  Accordingly, GPNE notes that since

the Texas litigation is moving forward against all three defendants, this court should

dismiss, stay, or transfer the matter to Texas in the interests of justice and judicial

economy.[10]

Jurisdiction is proper in both the Eastern District of Texas and Delaware.  The

Eastern District of Texas has personal jurisdiction over the defendants, including TWC,

as each defendant in the Texas litigation operates a high speed internet system in that

jurisdiction, which is the basis of the alleged infringement.[11]  Delaware has personal

---

[3] D.I. 1 at 2 (Texas litigation Case No.: 6:07-cv-60-LED (E.D. Tex.)).
[4] *Id.*
[5] *Id.* at 1.
[6] *Id.* at 2.
[7] *Id.*
[8] D.I. 8, Ex. B (substituting TWC as defendant in place of TWI).
[9] D.I. 7.
[10] D.I. 24 at 2-3.
[11] *Id.* at 3.

jurisdiction to hear this matter, as all parties involved are incorporated in Delaware. All parties in both matters are large national corporations and none have their principal place of business in Texas or Delaware.[12]

### III.   Positions of the Parties

### Motion to Dismiss or Stay

In the motion under consideration, GPNE asserts that the first-to-file rule is applicable, which favors its first-filed action in Texas. GPNE maintains that the Delaware case should be dismissed or stayed in the interest of national uniformity in patent matters.[13] Because this matter is presently before two different federal courts of equal standing, GPNE contends that consolidation serves the interest of justice.[14] According to GPNE, the first-to-file rule hinges upon which court first obtains possession of the subject of the dispute, and not whether all parties have been identified or added to a case.[15] Furthermore, GPNE argues that even if the parties are not identical, dismissal is warranted if the cases substantially overlap on substantive issues.[16] Thus, GPNE argues that since the Texas litigation was filed two days before

---

[12] D.I. 8, Ex. B at 1-2; *see also* D.I. 24 at 4 ("While it is true that each party was incorporated in Delaware, Time Warner Cable's headquarters are in Stamford, Connecticut, Comcast's headquarters are in Philadelphia, Pennsylvania, Charter's headquarters are in St. Louis, Missouri, and GPNE's headquarters are in Honolulu, Hawaii.") (citation omitted).

[13] *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (First-to-file rule "raises the issue of national uniformity in patent cases, and invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits.").

[14] *Cashedge, Inc. v. Yodlee, Inc.*, 2006 U.S. Dist. LEXIS 50488, at *7-*8 (D. Del. July 19, 2006) (quoting *Brunswick Corp. v. Precor Inc.*, 2000 U.S. Dist. LEXIS 22222, at *8 (D. Del. Dec. 12, 2000) ("Where related lawsuits exist, 'it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court.'")).

[15] *Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 267 (D. Del. 1997) ("The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute.") (citations omitted).

[16] D.I. 8 at 3.

the Delaware declaratory action, the Texas matter takes precedence.[17]

TWC also contends that the first-to-file rule is applicable; however, since the Delaware action was filed before TWC was added to the Texas suit, the Delaware District Court should decide the matter between the two companies.[18] TWC claims that since it was not a party to the Texas litigation on February 2, 2007, it was the first-to-file.[19] TWC maintains that Delaware does not follow the substantial overlap test and prevents duplicative litigation only where the *same* issues arise between the *same* parties.[20] TWC asserts that "TWI is a completely different company," which is separately traded on the New York Stock Exchange.[21] Both parties acknowledge that TWI is an 84% owner of TWC and the remainder of the company is owned by Adelphia Communications Corp.[22] Thus, TWC reiterates that because it was not a party to the Texas litigation, the instant action was the first-filed complaint between TWC and GPNE and, therefore, should be tried in Delaware.

TWC further argues that because forum shopping was GPNE's sole motivation for choosing to litigate in Texas, its preference for that district should be ignored. TWC alleges that "GPNE chose the Eastern District of Texas simply because it is regarded as favorable by plaintiffs in patent cases."[23] TWC notes that all parties to the litigation, including GPNE, are Delaware corporations and only forum shopping explains why the

---

[17] *Id.* at 3-4.

[18] D.I. 14 at 4-7.

[19] *Id.* at 5.

[20] *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 396 (D. Del. 2002) (stating first-to-file rule in Delaware requires identical parties and does not follow substantial overlap test).

[21] D.I. 14 at 4; *id.* at 5 ("None of the senior executive officers of TWC responsible for the management of TWC's business operation are officers or directors of TWI, and none of the directors of TWC are directors of TWI.") (citations omitted); D.I. 15 at 1 (Block Declaration).

[22] D.I. 8 at 1; *see also* D.I. 15 at 1-2 (distinguishing TWI and TWC as separate entities).

[23] D.I. 14 at 8.

lawsuit was filed anywhere other than Delaware.[24]  Finally, TWC argues that there are

"sound reasons," such as, the location of the parties, witnesses, and documents, that

dictate that the matter should be tried in Delaware.[25]

**Motion to Transfer**

GPNE argues that this action should be transferred to Texas in the interest of

judicial economy and justice since the Texas litigation involving similar issues and

parties is currently proceeding.[26]  GPNE states that because TWC is now a party to the

Texas litigation, it would be economically wasteful to duplicate litigation in this court.[27]

GPNE maintains that since judicial effort and resources are being expended in the

Texas litigation, "suits involving like defendants who practice similar technology and are

accused of infringing the same patent should also proceed in the Eastern District [of

Texas]."[28]

TWC counters by arguing that GPNE, as the moving party, has failed to carry the

heavy burden of showing that the balance of convenience of the parties and witnesses

favors a transfer to Texas.[29]  TWC claims that Delaware is a rational and legitimate

forum since both companies are incorporated in this state.[30]  GPNE does not offer any

advantages over pursuing this litigation in Texas, rather than in Delaware.  TWC

maintains that Delaware is the "most natural and convenient forum," and, as the plaintiff

---

[24] *Id.*

[25] *Id.*

[26] D.I. 24 at 2; *see also* 28 U.S.C.A. § 1404(a) ("For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

[27] D.I. 8 at 6.

[28] D.I. 24 at 2-3.

[29] D.I. 14 at 12.

[30] *Id.* at 14.

in this case, its choice of forum should be respected and the motion to transfer should be denied.[31]

## IV.    Analysis

### Motion to Dismiss Under the First-to-File Rule

GPNE contends that TWC's declaratory judgment action in this court should be dismissed because this case involves infringement of the same patent, the '406 patent, and concerns the same services and products first-filed in the Texas litigation.[32] The court finds that the present matter should be dismissed in accordance with the first-to-file rule to prevent duplicative lawsuits by different federal courts.

The first-to-file rule gives courts the power to dismiss subsequent claims involving the same parties and the same issues already before another court.[33] The first-to-file rule reduces the possibility of dispositive differences between the jurisdictions and ensures that litigants receive a single determination of their controversy, rather than multiple decisions which may conflict and require separate appeals.[34] Additionally, the rule "helps to avoid the waste involved in duplicative suits, and the delay in providing prompt administrative justice."[35] While the decision is left to the court's discretion, the first-to-file rule "has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of 'similar cases . . . in different

---

[31] *Id.* at 15.

[32] D.I. 7.

[33] *See E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988).

[34] *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993); *see also Corixa Corp. v. IDEC Pharm. Corp.*, 2002 U.S. Dist. LEXIS 2980, at *7 (D. Del. Feb. 25, 2002) ("[H]aving two separate trials in mirror image cases would defeat the purposes of the first-filed rule, namely, sound judicial administration and comity among federal courts of equal rank.").

[35] *Advanta Corp. v. Visa U.S.A., Inc.*, 1997 WL 88906, at * 2 (E.D. Pa. Feb. 19, 1997) (citing *Fischer & Porter Co. v. Moorco International Inc.*, 869 F. Supp. 325, 325 (E.D. Pa. 1994)).

federal district courts.'"[36]

GPNE's patent infringement case in the Texas litigation was filed on January 31,

2007, two days before TWC filed in this court. Chronologically, GPNE was the first-to-

file.[37] TWC was later added as a defendant to the Texas litigation on February 26,

2007. TWC argues that since it was not a defendant in the Texas litigation, it was the

first-to-file with the "same" parties and the "same" issues as required by the Third

Circuit.[38] Citing *APV N. Am.*, TWC asserts that because the Third Circuit has

"expressly rejected" the substantial overlap test, the first-to-file rule requires the parties

to be identical in both actions for the first-to-file rule to apply.[39] However, in *APV N.

Am.*, where parties in two concurrent suits were not identical, the inquiry hinged on

whether the issues in the two cases concerned the "same set of facts," not whether

there was substantial overlap between the issues.[40] There, because the two cases

implicated different patents, involved different technologies, and, "thus, different facts,"

the court did not adhere to the first-to-file rule and, accordingly, denied the motion to

[36] *E.E.O.C.*, 850 F.2d at 971 (omission in original) (citations omitted); *see also West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985) ("The federal courts have long recognized that . . . comity requires federal district courts . . . to exercise care to avoid interference with each other's affairs.").

[37] *See Genentech*, 998 F.2d at 938 (quoting *Crosley Corp. v. Westinghouse Elec. Mfg. Co.*, 130 F.2d 474, 475 (3d Cir. 1942) ("[T]he rule favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience, is supported by '[reasons] just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits.'") (alteration in original)).

[38] *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 396 (D. Del. 2002) (finding first-to-file criteria demands same identity and same issues as earlier controversy).

[39] *Id.* at 397 ("[T]he Court has been unable to locate any case law suggesting that . . . [the substantial overlap inquiry] is the test to be used in this Circuit."); *compare Save Power Ltd. v. Synteck Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (Applying the substantial overlap test, the Fifth Circuit held that "[r]egardless of whether or not . . . [suits] are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in . . . the jurisdiction first seized of the issues.") (citations omitted).

[40] 295 F. Supp. 2d at 397 (citations omitted).

7

dismiss.[41]  In contrast to the facts of the *APV N. Am.* case, the issues in the current

matter concern the same facts, as well as the same patent, as the Texas litigation.[42]

Third Circuit precedent is also inconsistent with TWC's interpretation of the first-

to-file rule, which does not specifically require the exact identity of the parties.

Historically, the Third Circuit has applied the first-to-file rule for cases involving the

same issues.[43]  In *E.E.O.C. v. University of Pennsylvania*, the court held that "in all

cases of federal concurrent jurisdiction, the court which first has possession of the

*subject* must decide it."[44]  In *Schering Corp. v. Amgen Inc.*, the District of Delaware

interpreted the first-to-file rule as turning "on which court first obtains possession of the

subject of the dispute, not the parties of the dispute."[45]  Also, the first-to-file rule "serves

to prevent a multiplicity of actions and to achieve resolution in a single lawsuit of all

disputes from *common matters*."[46]  Furthermore, no relation back analysis, Fed. R. Civ.

P. 15, is necessary because GPNE's lawsuit in Texas was the first-filed suit concerning

the '406 patent.[47]  Since the two cases both involve the same facts and the same

---

[41]  *See id.*

[42]  TWC's declaratory judgment action of invalidity concerns the exact same issue, albeit in reverse, as the Texas litigation.  *See,* e.g., D.I. 14 at 7 (asserting issues are dissimilar because "TWC's complaint in this action contains the first (and currently the only) allegation that the '406 patent is invalid."); Case No.: 6:07-cv-60-LED (E.D. Tex.), D.I. 17 at 3 (filing subsequent patent invalidity defense in Texas case).

[43]  *See E.E.O.C.*, 850 F.2d at 971 (In 1941, "this court adopted what has become known as the first-filed rule.  We concluded that 'in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'") (citations omitted).

[44]  *Id.* (citations omitted) (emphasis added).

[45]  969 F. Supp. 258, 267 (D. Del. 1997) (quoting *Advanta Corp. v. Visa U.S.A., Inc.*, 1997 WL 88906, at *3 (E.D. Pa. Feb. 19, 1997) ("Advanta cannot avoid application of the first-filed rule simply by asserting that it was not initially a party to the earlier filed action.")).

[46]  *Corixa Corp. v. IDEC Pharm. Corp.*, 2002 U.S. Dist. LEXIS 2980, at *4 (D. Del. Feb. 25, 2002) (litigating two separate trials in mirror image defeats first-to-file rule where cases involve same patents) (emphasis added).

[47]  *See Schering*, 969 F. Supp. at 267 (holding that a relation back analysis is "misdirected" since an "action is considered first-filed, regardless of the addition of a new party"); *see also supra* text accompanying notes 33-36, for a discussion of the first-to-file rule's focus on the subject of the

patent, trying the matter in two different courts would defeat the reasoning behind the

first-to-file rule.  Therefore, because the Eastern District of Texas initially had

jurisdiction over the subject of the Delaware matter, GPNE's choice of forum should be

shown deference and the Delaware case should be dismissed.

## Forum Shopping

GPNE's filing of the action in Texas does not appear to be forum shopping or

made in bad faith.  GPNE asserts that Texas is a "centrally located forum" and is

appropriate for the "convenience of the parties and because all three defendants

conduct business in different states, have their headquarters in different states, and

would be required to travel regardless."[48]  A plaintiff's choice of forum should be upheld

unless there are rare or extraordinary circumstances that would mandate dismissal or

transfer.[49]  Forum shopping is considered a proper basis for departing from the first-to-

file rule.[50]  While the District of Delaware would also undoubtedly be an appropriate

jurisdiction, the mere fact that all the parties in the Texas litigation are incorporated in

---

controversy, not the individual identity of the parties.

Although the court does not believe that a relation back analysis is necessary, if it were required, the Texas litigation would continue to be the first-filed case.  The date of GPNE's original complaint is the controlling date for the first-to-file rule as GPNE's amended complaint, adding TWC as a defendant, relates back to the original complaint.  While GPNE does not make this argument, Federal Rule 15(c)(3) allows for amended pleadings to date back to the original complaint.  See generally National Foam, Inc. v. Williams Fire & Hazard Control, Inc., 1997 U.S. Dist. LEXIS 16734, at *16-*17 (E.D. Pa. Oct. 29, 1997) ("[W]hile a literal reading of Rule 15(c)(3) might suggest that the mistake element only applies to misnamed or misdescribed parties, 'the Rule is widely-understood to allow the addition of new parties that were never originally named or described.'") (citations omitted).  Regardless, TWC likely knew of the Texas action and the potential to be added as a defendant.  Therefore, using a relation back analysis, the Texas litigation remains the first-filed action.

[48] D.I. 24 at 4.

[49] See E.E.O.C., 850 F.2d at 976.

[50] Id.

Delaware, "alone will not tip the 'balance of convenience' in its favor."[51]  No evidence

has been presented that GPNE chose to litigate in Texas in bad faith.[52]  Thus, without

evidence of forum shopping, the first-to-file rule mandates respect for GPNE's choice of

forum.

TWC's decision to file suit in Delaware after GPNE's suit against TWI could,

however, be considered an example of forum shopping.  Even if this case was

considered the first-filed, the declaratory judgment action appears to be in anticipation

of TWC being added as a defendant in Texas.  TWC, itself, makes such assertions in

its complaint: "TWC reasonably believes that GPNE is intending to impact the business

activities of TWC . . . ."[53]  Courts have rejected the first-to-file rule "when the first-filing

party instituted suit in one forum in anticipation of imminent judicial proceedings by

opposing party's imminent suit in another, less favorable, forum."[54]  Since TWI is an

84% owner of TWC, TWC was likely aware of the Texas litigation and the potential to

become a defendant in that lawsuit.  Therefore, had the instant case been considered

the first-filed action, there could potentially be grounds for dismissal or transfer based

on forum shopping.

In light of the court's determination that this matter should be dismissed, GPNE's

---

[51]  *Corixa Corp. v. IDEC Pharm. Corp.*, 2002 U.S. Dist. LEXIS 2980, at *12 (D. Del. Feb. 25, 2002) (quoting *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 207 (D. Del. 1998)).

[52]  *See generally* D.I. 14 at 8 (arguing that Texas' plaintiff friendly status was GPNE's sole reason for choice of forum); *see also supra* text accompanying note 50 (explaining GPNE's reasons for choosing Texas forum).

[53]  D.I. 1 at 2.

[54]  *E.E.O.C.*, 850 F.2d at 976; see, e.g., *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (first-filing not controlling when it was made "in apparent anticipation of imminent judicial proceedings" by opposing party); *Thomas & Betts Corp., v. Hayes*, 222 F. Supp. 2d 994, 996 (W.D. Tenn. 2002) ("Courts have been . . . willing to reject the first-to-file rule and dismiss a declaratory judgment action, if that action was filed for the purpose of anticipating a trial of the same issue in a court of coordinate jurisdiction.") (citations omitted).

request to stay or transfer is denied as moot.

## V.    Conclusion

For the reasons stated above:

It is ORDERED AND ADJUDGED that GPNE's motion to dismiss, stay, or

transfer TWC's complaint (D.I. 7.), is granted in part and denied in part.

1. GPNE's motion to dismiss TWC's complaint is **GRANTED**.

2. GPNE's motion to stay or transfer this matter is **DENIED** as moot.

_____
United States Magistrate Judge